# SUMMONS

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

Armin William Lessani,
Plaintiff,

v.

CITY OF EDMOND, OKLAHOMA; et al.,
Defendants.

Case No.: CJ- 2026 -648       P.O. Box 2970
                              Edmond, OK 73083

THE STATE OF OKLAHOMA TO:
CITY OF EDMOND, OKLAHOMA

You are hereby summoned and required to answer the Petition filed against you by the Plaintiff on or before twenty (20) days from the date of service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment will be taken against you as demanded in the Petition.

Issued this 28 day of January, 2026

RICK WARREN, Court Clerk
Court Clerk of Oklahoma County

By: _____
Deputy Clerk
(SEAL)

RECEIVED
EDMOND CITY CLERK'S OFFICE
DATE 2-4-2026
Krist Carillo
CITY CLERK'S OFFICE

Exhibit 1

COMPLAINT
IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

Armin William Lessani,
Plaintiff,

JAN 2 8 2026

v.

RICK WARREN
COURT CLERK

CITY OF EDMOND, OKLAHOMA;
CITY OF OKLAHOMA CITY, OKLAHOMA;
BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, OKLAHOMA;
JOHN DOES 1–50,
Defendants.

42 _____

Case No: CJ - 2026 - 648
Judge: _____

COMPLAINT

Plaintiff, Armin William Lessani, appearing pro se, alleges as follows:

I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution.

2. This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 42 U.S.C. § 1983, over which Oklahoma state courts have concurrent jurisdiction.

3. Venue is proper in Oklahoma County because the acts and omissions complained of occurred within this county, and Defendants reside in, are located in, or conduct business within Oklahoma County.

II. PARTIES

4. Plaintiff Armin William Lessani is an individual residing in Edmond, Oklahoma.

5. Defendant City of Edmond, Oklahoma is a municipal corporation organized under Oklahoma law and is responsible for the policies, customs, practices, training, supervision, and actions of its employees, officers, and agents.

6. Defendant City of Oklahoma City, Oklahoma is a municipal corporation organized under Oklahoma law and is responsible for the policies, customs, practices, training, supervision, and actions of its employees, officers, and agents.

7. Defendant Board of County Commissioners of Oklahoma County, Oklahoma is the governing body of Oklahoma County and is responsible for county-level policy oversight, inter-agency coordination, intelligence sharing, and supervision of county operations.

8. Defendants John Does 1 through 50 are unknown individuals, including but not limited to officers, agents, analysts, supervisors, contractors, or other persons acting under color of state law, who participated in, authorized, directed, supervised, ratified, or failed to prevent the unconstitutional conduct alleged herein. Plaintiff will amend this Complaint to substitute their true names when discovered.

9. At all relevant times, each Defendant acted under color of state law.

## III. FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

11. At all relevant times, Plaintiff was engaged in lawful conduct and was not subject to any warrant, court order, probation condition, or lawful investigative predicate justifying surveillance, monitoring, or intelligence collection.

12. Beginning at least as early as approximately 2019 and continuing through the present, a period of roughly five (5) years, Plaintiff was subjected to ongoing surveillance, monitoring, tracking, and intelligence collection by one or more Defendants.

13. Upon information and belief, such surveillance and monitoring occurred without a warrant, probable cause, reasonable suspicion, or other lawful authorization, in violation of Plaintiff's clearly established constitutional rights.

14. The surveillance activities included, but were not limited to, the collection, access, retention, analysis, and dissemination of Plaintiff's personal information through municipal, county, and inter-agency law enforcement or intelligence systems.

15. Upon information and belief, information concerning Plaintiff was accessed, used, retained, or disseminated through state-level law enforcement or intelligence databases and systems maintained or administered by the Oklahoma State Bureau of Investigation and/or the Oklahoma Department of Public Safety.

16. The Oklahoma State Bureau of Investigation and the Oklahoma Department of Public Safety are not named as Defendants in this action; however, they are foreseeable custodians of records, logs, communications, and intelligence files relevant to Plaintiff's claims and are subject to subpoena and discovery.

17. Plaintiff alleges these facts based on personal experience, observable conduct, and reasonable inferences drawn from Defendants' actions, patterns of inter-agency coordination, and the nature of modern law enforcement intelligence systems.

18. Plaintiff reasonably believes that information concerning him was shared among multiple governmental entities and disseminated beyond legitimate law enforcement purposes.

19. The precise dates, duration, scope, methods, and authorization, if any, of the surveillance are facts within the exclusive knowledge and control of Defendants and will be established through discovery.

20. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of privacy, emotional distress, anxiety, reputational harm, and ongoing psychological injury.

21. Defendants' conduct was undertaken pursuant to policies, customs, practices, or informal inter-agency coordination, including failures to supervise, train, audit, or impose safeguards against unconstitutional surveillance.

22. Policymakers for the municipal and county Defendants knew or should have known of these practices and failed to take corrective action, thereby ratifying and perpetuating the unconstitutional conduct.

## IV. GROSS AND WANTON ABUSE OF GOVERNMENT POWER

23. Defendants' actions constituted a gross and wanton abuse of governmental authority.

24. Defendants acted with reckless disregard for Plaintiff's clearly established constitutional rights.

25. Such conduct was arbitrary, oppressive, and conscience-shocking, and cannot be justified by any legitimate governmental interest.

## V. CAUSES OF ACTION

### COUNT I
Fourth Amendment – Unlawful Surveillance
(42 U.S.C. § 1983)

26. Defendants violated Plaintiff's rights under the Fourth Amendment by engaging in unreasonable and warrantless surveillance, monitoring, and intelligence collection.

### COUNT II
Fourteenth Amendment – Deprivation of Liberty and Privacy Without Due Process
(42 U.S.C. § 1983)

27. Defendants deprived Plaintiff of protected liberty and privacy interests without due process of law, in violation of the Fourteenth Amendment.

### COUNT III
Municipal Liability (Monell Claim)
(42 U.S.C. § 1983)

28. The constitutional violations suffered by Plaintiff were caused by Defendants' official policies, customs, practices, and/or failures to train, supervise, or discipline employees and agents, amounting to deliberate indifference to Plaintiff's constitutional rights.

## VI. DAMAGES

29. Plaintiff has suffered loss of privacy, emotional distress, psychological injury, and ongoing harm as a result of Defendants' unconstitutional conduct.

30. Plaintiff seeks compensatory damages, which Plaintiff estimates to be not less than $1,000,000 USD per year, prorated for each year during which unlawful surveillance occurred.

31. Plaintiff seeks punitive damages against individual Defendants in their individual capacities to deter similar misconduct.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff and against Defendants;
B. Award compensatory and punitive damages as allowed by law;
C. Grant declaratory and injunctive relief;
D. Permit discovery and the issuance of subpoenas to Defendants and relevant non-parties;
E. Award costs and such other relief as the Court deems just and proper.

Respectfully submitted,

Date: 1/28/2026

Armin William Lessani
Plaintiff, Pro Se
P.O. Box 111
205 N Odor St
Arcadia, OK 73007
405-315-6463
Arminlessani@icloud.com